FREDERICK H. HUFF and SADIE HUFF and HERBERT W. HUFF, complainants,

*v.*

MINNIE W. FERGUSON and MARIE HUFF, defendants.

[Decided February 29th, 1932.]

*Mr. H. Warner Doremus,* for the complainants.

*Messrs. Kessler & Kessler,* for the defendants.

BACKES, V. C.

Emma A. Hopf devised the premises involved in this partition suit to her brother, Ludwig, for life and * * *:

"3. I do hereby order and bequeath that after the death of my brother Ludwig F. H. Hopf that the said real estate shall go to my sisters Minnie W. Ferguson and Annie P. Huff, share and share alike and in case of the death of either one of my sisters Minnie W. Ferguson or Annie P. Huff, or both of them before the death of my brother Ludwig F. H. Hopf; that her or their share as the case may

be shall go to the children of the said Minnie W. Ferguson *and* the said Annie P. Huff, share and share alike after the death of my brother Ludwig F. H. Hopf."

Annie P. Huff died before her brother leaving two children, the male complainants. Minnie W. Ferguson survives and has four children. The master to whom it was referred reported that Minnie W. Ferguson is seized of a one-half interest in the estate, which is conceded, and that the children of Annie P. Huff and the children of Minnie W. Ferguson took the other half, each a twelfth interest, under the devise just quoted, to which the complainants except. The exception is justified. The intention of the testatrix is apparent to even a casual reader. It was unquestionably her wish that after her brother had the use, her two sisters were to have the property and the children should take their mothers' share, if either or both sisters died before they came into enjoyment. It is awkwardly expressed, obviously by one inexperienced in discriminative phraseology; but for all that we are not to lose sight of the desire of the testatrix though literally the sentence may permit of another deduction. Had the scrivener in the gift of the remainder over "to the children of the said Minnie W. Ferguson and the said Annie P. Huff" added "respectively," there would be no confusion. Her or their share, either share (singular) was to go over to the children of the deceased first taker. We cannot, of course, read, but in our mind's eye we can see "respectively" as plainly as if it were written and we may draft it so that the intention of the testatrix be not frustrated. Or take this view: By the primary devise, the estate vested in the two sisters at the death of the testatrix, as tenants in common; only the enjoyment was postponed until the death of the life tenant. Now, it is entirely reasonable to suppose that, having given to each sister a share, severally, the textatrix intended that such share should go to the children of the mother dying before the life tenant, and did she not say, in effect, by the secondary devise, that in the event of either or both sisters failing of survivorship, her or their share (singular) should go to her *or* their children? And when it is apparent that

the scrivener carelessly or accidentally used the copulative "and" instead of the disjunctive "or," as we are satisfied he did, and it is a common mistake, the authorities are uniform that we may substitute one for the other whenever necessary to effectuate the intention of the testator. *2 Jarm. 81.*

The children of Annie P. Huff take their mother's share. Exception sustained.